IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IRIS J. MILLS,           } | |
| }  | |
| Plaintiff,          } | |
| }  | CIVIL ACTION NO. |
| v.                       } | 03-AR-3087-S |
| }  | |
| BIRMINGHAM BOARD OF      } | |
| EDUCATION,               } | |
| }  | |
| Defendant.          } | |

**MEMORANDUM OPINION**

Motions pursuant to Rule 50(a), F.R.Civ.P., were timely filed both by plaintiff, Iris J. Mills ("Mills"), and by defendant, Birmingham Board of Education ("the Board"). Before submitting the case to the jury, Mills voluntarily dismissed her claim of retaliation brought under the Family and Medical Leave Act ("FMLA"). This rendered moot the Board's Rule 50(a) motion, insofar as it challenged Mills's retaliation claim. The court took the unmooted Rule 50(a) motions under advisement without ruling on them, and submitted the case to the jury both on Mills's claim for breach of contract and on her claim for interference with her rights under the FMLA. The jury found for Mills on both of her said claims and assessed compensatory damages in the sum of $75,000 against the Board under both theories. The jury had been instructed that Mills cannot recover actual damages more than once. The jury was also instructed that a bad faith violation of the FMLA by the Board would call for the imposition of liquidated damages in

the form of a doubling of any actual damages awarded for an FMLA violation itself.

Although the court finds ample evidence upon which a reasonable jury could find, as this jury apparently did, that the Board breached a material term of the contract between the parties, namely, the Board's obligation to remove all references to Mills's previous termination proceeding from her personnel file, and although the court also finds that there was ample evidence upon which a reasonable jury could find, as this one did, that Mills performed her obligations under the contract, the court, upon reflection, can find no evidence upon which a reasonable jury could find a causal connection between the Board's failure to remove seven pieces of paper from Mills's personnel file and Mills's loss of salary and benefits occasioned by her subsequent termination. There was simply no proof that Mills's termination was the proximate consequence of the Board's breach of the contract. The high degree of importance of the breached provision to Mills does not subtract from her obligation to prove the essential element of proximate causation. While the contract could not accomplish a waiver by Mills of future access to intermittent FMLA leave, even if that was the Board's intent in negotiating the contract reference to her tardiness and absences (prospective federal statutory causes of action arising out of adverse employment actions cannot be waived in advance of the conduct complained of),

neither did this contract guarantee that Mills would not be terminated.  Not only was there no evidence laying Mills's termination at the feet of the Board's having left references to her prior dispute with the Board in her personnel file, but there was no evidence to connect Mills's failure to obtain other teacher employment after her termination with the existence of the fateful pieces of paper that were left in her personnel file in violation of the Board's promise to remove them.

If Mills had sought damages for mental anguish as a proximate consequence of the Board's not fulfilling its promise with respect to her personnel file, the court does not know what it would have done, or what the jury would have done, in light of Alabama Pattern Jury Instruction ¶10.28, which expresses an arguably applicable proposition of Alabama law as follows:

> Where the contractual duty or obligation is so related with matters of mental concern or apprehensiveness or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessitate or reasonably result in mental anguish or suffering and such matters were reasonably within the contemplation of the parties when the contract was made, then in such event, if the plaintiff is entitled to recover, he would be entitled to recover such sum as would reasonably compensate him for such mental anguish and physical suffering.

For the reasons discussed above the Board's Rule 50(a) motion will be granted as to Mills's claim of breach of contract.

Mills's FMLA claim is a different matter.  It has several unique and intriguing aspects, most of which were discussed, if not

3

resolved, by and between the court and counsel during trial.  Upon reflection, the court finds that there was substantial evidence upon which a reasonable jury could find, as this one did, the essential elements of Mills's FMLA claim of interference, i.e., that the requisites for FMLA entitlement were present (even without a precise definition of the unpaid leave desired by her or due her), and that her said entitlement was interfered with by the Board, causing her actual monetary loss of $75,000.  Furthermore, there was sufficient evidence upon which the jury could find, as this jury did, that the Board did not act reasonably and in good faith when it violated the FMLA.  This is true even without the probable adverse effect of the contrived affidavit made by the Board's Director of Human Relations.  Accordingly, the court will deny the Board's Rule 50(a) motion insofar as Mills's FMLA claim is concerned.

　　　　A separate final judgment will be entered.

　　　　DONE this 22nd  day of September, 2005.

```
                                    _____
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE
```