FILED
2005 Oct-27  AM 08:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

IRIS J. MILLS,                  }
                                }
     Plaintiff,                 }
                                }    CIVIL ACTION NO.
v.                              }    03-AR-3087-S
                                }
BIRMINGHAM BOARD OF             }
EDUCATION,                      }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION**

A renewed motion for judgment as a matter of law and, alternatively, for a new trial was timely filed by defendant, Birmingham Board of Education ("the Board"). It has been briefed and orally argued. The Board's primary challenge to the verdict is based on the fact that plaintiff, Iris J. Mills ("Mills"), voluntarily dismissed her claim of retaliation. Originally, she had alleged that her termination was the Board's retaliatory response to her activity protected by the Family & Medical Leave Act ("FMLA"). After the retaliation claim was withdrawn, the case was submitted to the jury only on Mills's FMLA claim of interference with her FMLA rights. The Board now argues that because Mills was retained on the payroll, and lost no pay even after her non-renewal until her termination was upheld by the Tenure Commission, she sustained no economic damage as a proximate consequence of any theoretical interference with her FMLA rights.

This case may have some kinship to the famous *Palsgraff* case.

Mills alleged, and the jury apparently found, either (1) that Mills adequately claimed and was denied an FMLA entitlement to be tardy and absent from her teaching duties on a sporadic or intermittent basis because of her own serious health problems and those of her husband; or (2) that the Board failed to recognize and to respond appropriately to Mills's request; or (3) that an understanding along those lines was reached and thereafter breached by the Board; or (4) some combination of (1), (2) and (3).  When she first arrived at her new teaching assignment and discussed with her high school principal the health problems that created a need for intermittent leave, and after she thought she had received the needed FMLA accommodation, the principal nevertheless wrote her up for her tardiness and her absences.  Arguably, these write-ups inexorably led to her termination by the Board.  The jury had sufficient evidence to find interference with her FMLA rights and consequent damage.  When she dismissed her claim that her termination was an act of FMLA retaliation, she did not give up her claim that the termination was a natural and probable consequence of the earlier interference with her FMLA rights.  Her evidence met the standards for proving a causal connection between the economic loss that followed her termination and the much earlier FMLA interference.  In other words, there was an adequate evidentiary basis for tracing Mills's ultimate loss of income to the interference even if the termination was not itself an act of retaliation.  Accordingly, the

Board's motion will be denied by separate order.

Anticipating that the Board may exercise its right to appeal, the court will hold in abeyance Mills's petition for attorneys' fees and expenses until the time for appeal elapses or a timely appeal is ruled upon by the Eleventh Circuit.

DONE this 27th day of October, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE